# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:10-cv-02219-OWW-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Thomas L. Davis, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on November 30, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## II. Factual Allegations

Plaintiff was transferred from United States Penitentiary-Florence to United States Penitentiary-Atwater in September or October 2009.[1] Plaintiff was placed in the Special Housing Unit at USP-Atwater on October 7, 2009, and on December 21, 2009, Plaintiff was "locked up" due to a threat against his life. (Doc. 1, Comp., court record p. 2.)

Plaintiff, a protective custody status inmate, alleges that his safety was endangered on September 14, 2010, when his personal and legal property was destroyed and he was set up to be killed by Lieutenants T. Miller and S. Putnam, Correctional Officer J. Campos, and other unidentified staff members. Plaintiff was forced into a cell with another inmate who was armed with a knife. The inmate sexually assaulted Plaintiff and stabbed him from behind approximately thirty-six times.

## III. FTCA Claim

Plaintiff is suing the United States of America for negligence under the Federal Tort Claims Act (FTCA). 28 U.S.C. § 1346(b). Under the FTCA, which is a limited waiver of sovereign immunity, the United States may, under certain circumstances, be held liable for the tortious conduct of its employees. Ali v. Federal Bureau of Prisons, 552 U.S. 214, 217-18, 128 S.Ct. 831 (2008); Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1018-19 (9th Cir. 2007); Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). The United States is not liable under the FTCA for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478, 114 S.Ct. 996 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). Rather, the FTCA authorizes tort actions

---

[1] To the extent Plaintiff is attempting to impose liability on the United States arising from events which occurred at USP-Florence, venue for those claims is proper in the United States District Court for the District of Colorado, and suit should be initiated there. 28 U.S.C. § 1402(b). (Doc. 1, Comp., court record p. 3.)

against the United States if the United States, as a private person, would be liable to Plaintiff under California tort law. United States v. Olson, 546 U.S. 43, 44, 126 S.Ct. 510 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to Plaintiff by the United States must be found in California tort law. Delta Saving Banks, 265 F.3d at 1025 (quotation marks omitted).

As a threshold matter, Plaintiff fails to allege he exhausted the administrative remedies in compliance with 28 U.S.C. § 2675(a). Exhaustion of the administrative remedies is a prerequisite to suit and is jurisdictional; and Plaintiff's failure to allege exhaustion bars his FTCA claim. McNeil v. U.S., 508 U.S. 106, 113, 113 S.Ct. 1980 (1993); Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1258 (9th Cir. 2008); Alvarado, 509 F.3d at 1019; Vacek, 447 F.3d at 1250.

**IV.    Bivens Claims**

    **A.    Eighth Amendment**

Although Plaintiff does not allege any claims against individual prison employees, he mentions violations of his constitutional rights, which suggests a Bivens claim against federal officers for the violation of his constitutional rights. Iqbal, 129 S.Ct. at 1947-48 (citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971)); Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 66, 122 S.Ct. 515, 519 (2001); Pollard v. GEO Group, Inc., 629 F.3d 843, 854 (9th Cir. 2010). A Bivens claim is only available against officers in their individual capacities, Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996), and Plaintiff must allege facts linking each named defendant to the violation of his rights, Iqbal, 129 S.Ct. at 1948; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be

restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse, Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), and the failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff, e.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff was attacked and injured by another inmate. Plaintiff alleges both that prison officials were negligent because they failed to exercise reasonable or ordinary care, and that prison officials set him up to be killed. Negligent conduct does not support a claim for violation of the Eighth Amendment. Hearns, 413 F.3d at 1040. Orchestrating an attack on Plaintiff may, if Plaintiff is able to link each defendant to the knowing disregard of the substantial risk of harm to his safety. Here, Plaintiff alleges only that his life was placed in imminent danger due to a breach in safety and that he was set up to be killed. These are conclusory allegations that do not support plausible claims for relief against the prison employees identified in the complaint. Iqbal, 129 S.Ct. at 1948-49.

**B.    Fifth Amendment**

Finally, Plaintiff complains about the loss of his personal and legal property at the hands of prison employees. The Due Process Clause of the Fifth Amendment is not violated by the random, unauthorized deprivation of property so long as there is an adequate post-deprivation remedy available. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Raditch v. United States, 929 F.2d 478, 480-81 (9th Cir. 1991) (applying Hudson to Fifth Amendment claims against the federal government). Plaintiff has not alleged the absence of an adequate post-deprivation remedy and there appears to be relief available to Plaintiff for lost or damaged property.[2] 31 U.S.C. § 3723; 28 C.F.R. § 543.31 (2011). Accordingly, Plaintiff's due process claim is not cognizable.

///

---

[2] Plaintiff also fails to link the deprivation of his property to any officer.

4

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under the FTCA or Bivens. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order, to the extent they are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a Bivens complaint form;
2. Plaintiff's complaint, filed November 30, 2010, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

5

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   February 24, 2011            /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE